The decision below is signed as a decision of the court.

Signed: November 05, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KAY ELIZABETH AIKIN, | ) | Case No. 07-00121 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CHESTER STELLO AND URSULA STELLO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 07-10017 |
| | ) | |
| KAY ELIZABETH AIKIN, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

<u>MEMORANDUM DECISION RE MOTION TO DISMISS</u>

The plaintiffs commenced the above-captioned adversary proceeding by the filing of a two-count non-dischargeability complaint seeking a determination that a pre-petition judgment entered in their favor against the defendant, Kay Elizabeth Aikin, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4). The defendant, Kay Elizabeth Aikin, has filed a motion to dismiss for failure to state a claim upon which relief

can be granted (Docket Entry ("DE") No. 8, filed June 29, 2007). For reasons explained in more detail below, the court will grant the motion with leave to file an amended complaint.

I

A.  The plaintiffs' § 523(a)(2)(A) claim fails to allege the necessary elements of fraud and fails to comply with the heightened pleading standards of Rule 9(b).

The plaintiffs have alleged that the judgment against the debtor-defendant and in favor of the plaintiffs is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which provides that a chapter 7 discharge:

> (a) . . . does not discharge an individual debtor from any debt –
> . . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by --
>    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

To state an actionable claim for fraud under § 523(a)(2)(A), the plaintiffs must allege, <u>inter</u> <u>alia</u>, "that the debt was incurred as a proximate result of the claimant's reasonable reliance on a material misrepresentation of fact knowingly made by the debtor with intent to deceive." <u>McCallion v. Lane (In re Lane)</u>, 937 F.2d 694, 698 (1st Cir. 1991).

The plaintiffs' complaint alleges, in pertinent part, that the defendant is an officer, director, and stockholder of Capital

2

Custom Homes, Inc., a Maryland corporation that agreed to construct a home for the plaintiffs in 180 days for the price of $545,107.00. For every day beyond the 180 days that the house was not completed, Capital Custom Homes agreed to pay the plaintiffs $75.00 per day.[1] Presumably because Capital Custom Homes failed timely to complete construction of the house,[2] the plaintiffs were forced to seek alternative housing and mitigated their damages by obtaining the services of another contractor to complete construction of their home at a significant additional cost. The plaintiffs filed a lawsuit against the defendant in the Circuit Court for Howard County, Maryland, and on February 15, 2007, that court entered judgment in favor of the plaintiffs against the defendant in the amount of $351,238.44. Despite promising in a letter to resolve the plaintiffs' concerns, the defendant did not work on the plaintiffs' home nor has she paid the plaintiffs what they are owed. The complaint then alleges as follows:

---

[1] Several of the complaint's allegations refer simply to the plaintiff without specifying which of the two plaintiffs is intended, while others refer collectively to the plaintiffs. In many instances it is impossible to reconcile the use of the singular in one allegation with the use of the plural in another, and the court suspects that the confusion is the result of a drafting error. For ease of discussion, the court may refer to certain allegations as applying equally to both plaintiffs, while recognizing that the complaint is often unclear on this point.

[2] The complaint does not expressly allege that Capital Custom Homes failed to timely complete the construction, but this is reasonably inferred.

    13. The Defendant knowingly made false statements to the Plaintiffs regarding completing construction and paying subcontractors for work which was completed although construction was not completed and subcontractors were not paid.

    14. The Defendant acted to induce the Plaintiffs to enter into the construction agreement for valuable consideration, and in the absence of the said false pretense, false representations, and/or actual fraud by the Defendant, Plaintiffs would not have entered into the construction agreement and incurred the losses attributable to the Defendant.

    15. The Defendant's conduct violates 11 USC § 523(a)(2) and, therefore, the Debtor's indebtedness to the Plaintiffs constitutes a nondischargeable debt.

As a preliminary matter, the plaintiffs have failed to allege that the defendant intended to deceive the plaintiffs by her false representations or conduct.  Intent being a necessary element of a § 523(a)(2)(A) claim, the plaintiffs' § 523(a)(2)(A) claim must be dismissed.

The court further determines that the plaintiffs' § 523(a)(2)(A) claim fails to comply with Fed. R. Civ. Pro. 9(b), made applicable to this adversary proceeding through Fed. R. Bankr. P. 7009, which requires that fraud be alleged with particularity.  Rule 9(b)'s heightened pleading standard is applicable to claims brought under § 523(a)(2)(A), and applies to Count I of the complaint.  See In re Colodner, 147 B.R. 90, 95 (Bankr. S.D.N.Y. 1992).

The purpose of Rule 9(b)'s heightened pleading standard "is to ensure that the party accused of fraud, a matter implying some

4

degree of moral turpitude and often involving a 'wide variety of potential conduct,' is given adequate notice of the specific activity that the plaintiff claims constituted the fraud so that the accused party may file an effective responsive pleading." Johnson v. Long Beach Mortgage Loan Trust 2001-4, 451 F. Supp. 2d 16, 34-35 (D.D.C. 2006), quoting Lachmund v. ADM Investor Servs., Inc., 191 F.3d 777, 783 (7th Cir. 1999). Allegations of fraudulent misrepresentations "ought to specify the time, place, speaker, and content of the alleged misrepresentations." DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (cited in In re Colodner, 147 B.R. 90, 95 (Bankr. S.D.N.Y. 1992)). The allegations by which the plaintiffs here seek to state a claim for fraud are too vague, confusing and conclusory to satisfy this standard.

    The plaintiffs allege that the defendant knowingly made false statements regarding completion of construction and payment of subcontractors, yet the plaintiffs have failed to indicate when and where these statements were made, have failed to indicate what specifically was false about the statements, and have failed to provide any additional information that would allow the defendant to identify the specific statement or statements upon which the plaintiffs now seek to predicate their claim of fraud. Likewise, the plaintiffs allege that the defendant "acted to induce" the plaintiffs to enter into the

construction agreement, but fail to provide any specifics that would put the defendant on notice as to what, precisely, the defendant is alleged to have done to induce the plaintiffs to enter into the construction agreement, and what about that conduct was fraudulent in nature.  This is a conclusory allegation that is insufficient to support a claim of fraud.  Alleging a promise of future performance that is subsequently not performed, without identifying any fraud, is insufficient to establish a § 523(a)(2) claim.  See Bohannon v. Horton (In re Horton), 372 B.R. 349, 357 (Bankr. W.D. Ky. 2007).


B.   The plaintiffs' § 523(a)(2)(A) claim alleges a benefit obtained by the defendant sufficient to survive a Rule 12(b)(6) motion to dismiss, but the claim should nevertheless be amended for purposes of clarity and to be consistent with the plaintiffs' theory of liability.

The purpose of a Rule 12(b)(6) motion is "to test the legal sufficiency of the complaint."  Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003).  In deciding a motion to dismiss, although the court "must construe the allegations and facts in the complaint in the light most favorable to the plaintiff . . . ," Gustave-Schmidt v. Chao, 226 F. Supp. 2d 191, 195 (D.D.C. 2002), the complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, – U.S. —, 127 S. Ct. 1955, 1974 (2007), and "the court need not accept

6

inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint . . . . [nor must it] accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). In deciding a 12(b)(6) motion to dismiss, "the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." Gustave-Schmidt, 226 F. Supp. 2d at 196.

A non-dischargeability complaint brought under 11 U.S.C. § 523(a)(2)(A) must allege not only fraud, but also that the defendant obtained a benefit as a result of that alleged fraud. In re Rountree, 478 F.3d 215, 222 (4th Cir. 2007) (discussing the Supreme Court's holding in Cohen v. De La Cruz, 523 U.S. 213 (1998), and explaining why it should not be read as abrogating the Code's express requirement that the debtor have actually obtained something from his fraud in order for a creditor's claim

to be found nondischargeable under § 523(a)(2)(A)).[3]  The defendant urges that the plaintiffs' § 523(a)(2)(A) claim must be dismissed for failure to state a claim because the plaintiffs fail to allege that the defendant obtained any money, property, services or credit as a result of the alleged fraud or misrepresentations, and instead merely allege that the plaintiffs suffered damages as a result of Capital Custom Homes' breach of contract.  Although the court finds that the plaintiffs have adequately alleged a benefit obtained by the defendant such that the § 523(a)(2)(A) claim shall not be dismissed on that basis, the court will nonetheless address the defendant's argument as it is not entirely without merit and it raises legitimate concerns regarding the adequacy of the plaintiffs' complaint.

The plaintiffs have failed to expressly allege that they made any payments to Capital Custom Homes or to the defendant, but the court must address whether the allegations can nevertheless be construed as alleging a benefit obtained by the

---

[3]  The court is mindful that some courts permit a creditor to establish the non-dischargeability of a claim under § 523(a)(2)(A) without showing that the debtor actually obtained a benefit through his fraud, finding it sufficient if the creditor establishes that the judgment it obtained against the debtor and which it seeks to have declared nondischargeable was for fraud. See Muegler v. Bening, 413 F.3d 980, 984 (9th Cir. 2005)(relying on the Supreme Court's holding in Cohen, 523 U.S. 213 (1998)). The plaintiffs have not alleged that the judgment they obtained against the defendant was for fraud, and they have alleged a benefit to the defendant, thereby obviating the need for this court to address this apparent split in authority.

defendant.

A benefit obtained by a corporation may, in some instances, be considered a benefit to an officer, director or shareholder of that corporation for purposes of § 523(a)(2)(A).  See In re Ashley, 903 F.2d 599 (9th Cir. 1990) (business relationship between the debtor and the corporation that profited directly from the fraud can satisfy the requirement that the debtor obtain something for purposes of § 523(a)(2)(A)); In re Pontier, 165 B.R. 797, 799 (Bankr. D. Md. 1994) (for purposes of § 523(a)(2)(A), a corporate officer "may be personally liable for his or her own fraudulent conduct committed on behalf of the corporation which causes injury to another" even if he was not the direct recipient of the money that gave rise to the claim sought to be declared nondischargeable); In re Colodner, 147 B.R. 90. 95 (Bankr. S.D.N.Y 1992) (debt incurred by corporation of which the debtor was 100 percent shareholder qualifies as money obtained by the debtor for purposes of § 523(a)(2)(A)).  Thus, to the extent the allegations sufficiently allege a benefit obtained by Capital Custom Homes, for purposes of a 12(b)(6) motion, they can be fairly read as alleging a benefit obtained by the defendant.

The plaintiffs allege that they incurred additional expense finding alternative housing and hiring a substitute contractor to complete the unfinished construction.  This fails to allege a

benefit to the defendant for purposes of § 523(a)(2)(A). Construing the allegations of the complaint in the light most favorable to the non-moving party, the court can reasonably read the complaint as alleging that the plaintiffs' alleged need to obtain a new contractor and substitute housing at significant additional cost was the result of Capital Custom Homes' failure to timely perform under the contract.  Payment to a third party for services that another party was obligated, but failed, to provide, may in some instances constitute an indirect benefit obtained by that originally obligated party for purposes of § 523(a)(2)(A).  See In re Taylor, 195 B.R. 624, 627 (Bankr. M.D. Pa. 1996).  However, in such cases there is some connection between the debtor and the third party from which it can be inferred that the debtor intended to cause a benefit to flow to the third party (as where the debtor acts on behalf of his own corporation to cause benefits to flow to that corporation).  The instant complaint cannot be read as alleging that the debtor acted with the intent of causing benefits to flow to a third party.  The new contractor and the provider of alternative housing appear to be wholly unrelated to the debtor and to Capital Custom Homes.  Accordingly, the liability incurred by the plaintiffs in seeking alternative housing and in hiring a new contractor cannot be reasonably construed as an indirect benefit obtained by the debtor through Capital Custom Homes, even though

that corporation's failure to meet its obligations necessitated the additional expense.

However, the plaintiffs do allege a benefit obtained by the defendant by alleging that the contract, that would not have been entered into but for the defendant's fraud, was entered into for "valuable consideration."  Although the benefit in the form of "valuable consideration" runs in the first instance to Capital Custom Homes, the entity that is alleged to have entered into the contract with the plaintiffs, for the reasons explained above, that benefit can also be construed as a benefit obtained by the defendant as an officer, director and shareholder of Capital Custom Homes.  For these reasons, the court will not dismiss the claim based upon a failure to allege a benefit to the defendant resulting from her alleged fraud.

Furthermore, although the court has already explained that the plaintiffs' failure to plead fraud with particularity is fatal to their claim, for purposes of evaluating whether a link of proximate causation has been adequately alleged between any fraud and the benefits allegedly obtained by the defendant, the court finds, in disposing of this motion, that the plaintiffs' allegation that the contract itself would not have been entered into but for the defendant's alleged fraud (once fraud is adequately pled) might satisfy the causation requirement of a claim asserted under § 523(a)(2)(A) as to damages proximately

caused by the fraud of procuring the contract.  See In re Creta, 271 B.R. 214, 220 (1st Cir. BAP 2002) (debtor obtained a contract by false representations that were of importance to the plaintiff's entering into the contract and of essence to the performance of the contract, and his debt for damages arising from procuring that contract were nondischargeable); Lee-Benner v. Gergely (In re Gergely), 110 F.3d 1448, 1453 (9th Cir. 1997); Kendrick v. Pleasants (In re Pleasants), 231 B.R. 893 (Bankr. E.D. Va. 1999) (debtor misrepresented that he was an architect); Kadlecek v. Ferguson (In re Ferguson), 222 B.R. 576, 585-86 (Bankr. N.D. Ill. 1998).[4]

Notwithstanding that the complaint has alleged a benefit that can be construed as having been obtained by the defendant, the plaintiffs' amended opposition to the motion to dismiss suggests that, at trial, the plaintiffs would seek to

---

[4] However, if any damages suffered by the plaintiffs were not a reasonably foreseeable consequence of the false representations, the debt owed by the debtor could not be said to be a debt for property obtained by fraud.  Compare Parker v. Grant (In re Grant), 237 B.R. 97, 119 (Bankr. E.D. Va. 1999) (false representation that debtor was married, relied upon by landlord in entering into lease with debtor, could not reasonably have been expected to result in the debt for nonpayment of rent) with McCain v. Fuselier (In re Fuselier), 211 B.R. 540 (Bankr. W.D. La. 1997) (false representations that the debtor-contractor was a licensed contractor, and that payments made by the homeowners to him would be used for the costs of construction); McDaniel v. Border (In re McDaniel), 181 B.R. 883 (Bankr. S.D. Tex. 1994); Peterson v. Bozzano (In re Bozzano), 173 B.R. 990 (Bankr. M.D.N.C. 1994); Bottari v. Baiata (In re Baiata), 12 B.R. 813, 820 (Bankr. E.D.N.Y. 1981).

demonstrate, <u>inter</u> <u>alia</u>, that the defendant obtained a benefit in the form of monetary disbursements made by the plaintiffs directly to the defendant, and that the debt should be declared nondischargeable in part because the defendant's alleged fraud caused the plaintiffs to continue to make such payments to the defendant.  This is at odds with the indirect benefit alleged to have been obtained by the defendant in the complaint, and the plaintiffs are cautioned that their amended complaint should be consistent with the theories of liability they intend to advance at trial.

    The complaint is generally confusing, vague and replete with factual gaps, and although the plaintiffs' amended opposition to the motion to dismiss attempts to supply missing context and content to the allegations of the complaint, the court is not permitted to consider that filing for purposes of disposing of this motion.  For all of these reasons, the court will dismiss the plaintiffs' § 523(a)(2)(A) count with leave to amend in order to address the deficiencies identified above.

                            II

    In the second count of the complaint, the plaintiffs allege that their claim is nondischargeable as a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" under 11 U.S.C. § 523(a)(4).  Incorporating the previous paragraphs of the complaint by reference, this count

adds only two new allegations, both of which are conclusory in nature and inadequate to support the plaintiffs' § 523(a)(4) claim.

First, the plaintiffs have failed to allege the defendant's intent to deceive the plaintiffs or conduct amounting to defalcation or larceny, and thus have not pled a necessary element of a claim under § 523(a)(4).  See In re Davis, 2007 WL 2815990 at *2 (Bankr. D. Mass., Sept. 27, 2007).  Accordingly, the plaintiffs' § 523(a)(4) claim must be dismissed.  Likewise, the plaintiffs have failed to satisfy Rule 9(b)'s heightened pleading standard, which is applicable to claims brought under § 523(a)(4) and is applicable to Count II of the complaint to the extent it alleges fraud.  See In re Halverson, 330 B.R. 291, 301 (Bankr. M.D. Fla. 2005).  Relying on its earlier analysis of Rule 9(b)'s heightened pleading requirements, and given that Count II adds no further factual allegations to support a claim for fraud, the court must dismiss the plaintiffs' § 523(a)(4) claim for failure to allege fraud with particularity as required under Rule 9(b).

Alternatively, because the plaintiffs' § 523(a)(4) claim offers little more than a recitation of the statutory language of 11 U.S.C. § 523(a)(4), and fails to supply any factual allegations to support the assertion that the defendant was serving in a fiduciary capacity, Count II of the complaint must

be dismissed for failure to state a claim that is plausible on its face.[5] Bell Atlantic, 127 S. Ct. 1955 (2007). In their amended opposition to the defendant's motion to dismiss, the plaintiffs attempt to explain that their § 523(a)(4) claim is based upon a fiduciary relationship that they contend arose under the Maryland Construction Trust statute by virtue of the defendant's role as general contractor and her obligation to pay subcontractors.[6] The complaint itself, however, makes only one reference to subcontractors as follows:

> 13. The Defendant knowingly made false statements to the Plaintiffs regarding completing construction and paying subcontractors for work which was completed although construction was not completed

---

[5] Until recently, courts were bound by the standard for 12(b)(6) dismissal articulated by the Supreme Court in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which provided that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In Bell Atlantic, 127 S. Ct. 1955 (2007), however, the Supreme Court adopted a new standard for testing the sufficiency of a complaint, holding that a court may dismiss a complaint under Rule 12(b)(6) if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Id. at 1960. By failing to allege any facts that could be read as even implying the existence of a fiduciary duty running from the defendant to the plaintiffs, the plaintiffs have failed to state a claim to relief under § 523(a)(4) that is plausible on its face.

[6] The plaintiffs are cautioned that, to the extent they ultimately intend to rely upon the Maryland Construction Trust statute in prosecuting their § 523(a)(4) claim, there is a division of authority as to whether that statute creates a fiduciary relationship between a debtor and creditor within the meaning of 11 U.S.C. § 523(a)(4). Lawrence Steel Erection Co. v. Piercy (In re Piercy), 140 B.R. 108, 114 (Bankr. D. Md. 1992).

15

and subcontractors were not paid.

Nowhere does the complaint state that the defendant as opposed to Capital Custom Homes, Inc. (or any other entity) served as a general contractor, and nowhere does the complaint purport to establish a link between any alleged harm suffered by the plaintiffs and any conduct of the defendant vis-à-vis subcontractors.  Although the plaintiffs' amended opposition attempts to clarify this point, the court is not permitted to rely on counsel's argument and explanations, but must instead rely solely upon the allegations found within the four corners of the complaint.  There being no allegations in the complaint from which the court can reasonably infer that the defendant was at any time acting in a fiduciary capacity, the plaintiffs' § 523(a)(4) claim must be dismissed.

### III

When "dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotations and citations omitted), cited to in

Mitan v. Feeney, 497 F. Supp. 2d 1113, 1127 (C.D. Cal. 2007).[7] The plaintiffs' amended opposition to the motion to dismiss suggests the possibility that the plaintiffs can cure the deficiencies of the complaint by alleging additional facts. Allowing leave to amend is further warranted given that leave to amend is almost always allowed to cure deficiencies in pleading fraud.  See Shekoyan v. Sibley Intern., 409 F.3d 414, 418 (D.C. Cir. 2005).  Accordingly, and as previously indicated, the court will permit the plaintiffs to file an amended complaint.

IV

For all of these reasons, the court will dismiss Count I and Count II of the complaint, with leave to amend.  An order follows.

[Signed and dated above.]

Copies to:

All counsel and parties of record; Office of United States Trustee.

---

[7] Even after Bell Atlantic, 127 S. Ct. 1955 (2007), courts continue to embrace this liberal standard when deciding whether to grant leave to amend.  See Mitan v. Feeney, 497 F. Supp. 2d 1113, 1127 (C.D. Cal. 2007) (applying the standard for 12(b)(6) dismissal articulated in Bell Atlantic and granting leave to amend based upon a determination that it was at least possible that the plaintiff could amend his complaint to state a claim).